861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The PISCATAWAY COMPANY; Juliette P. Coyle; Andrew B.
Sabin; Fort Washington Board Sailing Club; Frederick W.
Williams; Thomas F. Arnall; John W. Milton; Raymond W.
Bratcher; Anthony J. Karter, Jr.; Larry Bubes, Plaintiffs-Appellants,
v.
UNITED STATES of America, DEPARTMENT OF NATURAL RESOURCES;
State of Maryland, Defendants-Appellees.
 No. 88-2088.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 29, 1988.
Decided: Oct. 7, 1988.
 
 Walter H. Fleisher (Isaac N. Groner, Cole & Groner, on brief), for appellants.
 David Paul King, Assistant United States Attorney, Thomas Andrew Deming, Assistant Attorney General (Breckinridge L. Willcox, United States Attorney, on brief), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of a preliminary injunction. We are of opinion the district court did not abuse its discretion, and we affirm.
 
 
 2
 The dispute centers around Fort Washington Marina, which is on the Potomac River, across from and some distance above Mt. Vernon. By previous Acts of Congress, the Marina, which is located in Maryland, has been made a part of Piscataway National Park. Congress included the Marina into Piscataway Park to insure scenic protection of the view from Mt. Vernon across the river.
 
 
 3
 The National Park Service initially wanted to close the Marina but was prevented by Congress, which vested that agency with authority to operate the facility. The National Park Service has now entered into a cooperative agreement with the State of Maryland, permitting the State to renovate and manage the Marina for thirty years, subject to renewal by consent for thirty year periods. The operation and management of the Marina by Maryland is carefully controlled by the Park Service to assure the non-disturbance of the view from Mt. Vernon.
 
 
 4
 The plaintiffs in the case are a former concessionaire, who seeks to force the National Park Service to enter into an agreement with him, and various boaters and others interested in the Marina, such as neighbors. They seek to enjoin the National Park Service from entering into the agreement with the State of Maryland.
 
 
 5
 The principal and almost the only issue in the case is plaintiffs' claim that there is no legislative authority for the Park Service to permit Maryland to renovate and manage the Marina under the cooperative agreement. As the district court pointed out, however, P.L. 87-362, 75 Stat. 780, the statute involved, provides that the Park Service "... may also cooperate with the State of Maryland in order to promote and achieve preservation through zoning and such other means as may be thought feasible." Why the cooperative agreement between the Park Service and Maryland is not within the authorization of the statute was not made to appear to the district court nor to us.
 
 
 6
 The district court made detailed findings of fact and conclusions of law. It analyzed the case under Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977), and found that the plaintiffs' likelihood of success was not great, that the plaintiffs would not suffer irreparable injury if interim relief were denied, and that the public interest did not favor the issuance of a temporary injunction.
 
 
 7
 After considering the record, the briefs, and oral argument, we are unable to conclude that the district court abused its discretion in declining to issue the preliminary injunction. It considered the contentions of the plaintiffs in great detail and, in its careful opinion, declined to grant temporary relief, we think correctly.
 
 The order appealed from is accordingly
 
 8
 AFFIRMED.